UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

       Plaintiff,

                            CASE NO.  2:97-CV-75610
                            JUDGE PAUL D. BORMAN
                            MAGISTRATE JUDGE PAUL J. KOMIVES

   v.

DARRYL ROUSE,

       Defendant
_____/

**AMENDED[1] OPINION AND ORDER DENYING
DEFENDANT'S MOTIONS AGAINST GARNISHMENT (Doc. Entries 11 and 16)[2]**

**I.    OPINION**:

**A.    Background**

On January 7, 1988, Darryl Rouse signed a Guaranteed Student Loan Promissory Note with Citibank in the amount of $2,625. Rouse's address is listed as 1038 Marston, Detroit, MI 48211. Doc. Ent. 15-4 at 2. On February 1, 1989, "the debtor defaulted on the obligation." Doc. Ent. 15-4 at 3.

According to a Certificate of Indebtedness dated May 8, 1997, which lists Rouse's address as 16001 W. Chicago, Detroit, MI 48228, Rouse's total debt due to the government as of

---

[1] My April 3, 2009 order is amended to correct references to the defendant and to correct a typographical error.

[2] However, if, upon consideration, the Court concludes that I lack jurisdiction under 28 U.S.C. § 636(b)(1)(A) to hear and determine this matter, then this opinion and order should be construed as a report and recommendation subject to de novo review. *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993).

April 24, 1997 was $4,512.92.  This amount consisted of $2,799.21 in principal,[3] $1,674.33 in interest, and $39.38 in administrative/collection costs.  Doc. Ent. 15-4 at 3.

This case was filed on November 12, 1997.  Doc. Ent. 1.  Apparently, a summons and complaint were served upon Rouse on November 21, 1997 at 16001 W. Chicago, Detroit, MI 48228.  Doc. Ent. 2; Doc. Ent. 15 at 2 ¶¶ 3, 4; Doc. Ent. 15-5 at 1.  Rouse signed the Domestic Return receipt.  Doc. Ent. 15-5 at 2.  On March 25, 1998, the Clerk of the Court entered a default judgment in the amount of $2,799.21 in favor of plaintiff and against defendant "for a total due as of [that] date of $5,267.15."  Doc. Ent. 7.

On or about January 12, 2009, plaintiff's counsel sent a letter to Rouse at 7296 St. Marys Street, Detroit, MI 48228.  The letter stated that the current amount owed was $8,909.40.  Among other things, it informed Rouse that "the U.S. Department of Justice ha[d] requested that [the] firm proceed with legal action regarding your past due account[,]" and "[t]his communication is from a debt collector attempting to collect a debt[.]"  Doc. Ent. 15-3 at 1.  It further stated that "[w]e will assume that the above referenced debt is valid, unless you dispute the validity of this debt, or any portion thereof, within thirty days after your receipt of this letter."  Doc. Ent. 15-3.  On or about January 29, 2009, allegedly in response to a letter disputing the validity of the debt, plaintiff's counsel provided Rouse with copies of (1) the Guaranteed Student Loan Promissory Note, (2) the Certificate of Indebtedness and (3) the Clerk's Entry of Judgment by Default.  Doc. Ent. 15-4.

On March 2, 2009, the government filed an application for writ of continuing garnishment.  Doc. Ent. 9.  The same day, the Clerk of the Court issued a writ of continuing

---

[3]This amount consisted of $2,625 in original principal and $174.21 in interest which accrued to the original lender.  Doc. Ent. 15-4 at 3.

garnishment as to UPS and a Clerk's Notice of Garnishment.  Doc. Ent. 14.  On or about March 7, 2009, the law firm of Powers, Chapman, DeAgostino, Meyers & Milia wrote to plaintiff's counsel on behalf of Rouse.  Doc. Ent. 13 at 9-11.  Significantly, the letter notes:

> Mr. Rouse advises he did not attend an educational program or take out a student loan for that purpose.  He does advise, however, that while he was employed at Ford Motor Company in 1987-1988, someone stole his wallet, and he never recovered it.  He states also that the signer of the promissory note lists Mr. Rouse's grandmother's address [1038 Marston, Detroit MI 48211] as the signer's residence, and that he has never resided at that address.
> . . .
> [The loan] was taken out in [Rouse's] name by someone other than him, and he had no inkling of its existence before receiving your initial communication.

Doc. Ent. 13 at 10-11.

**B.      The Court Should Deny Defendant's Motions against Garnishment.**

On March 9, 2009, Rouse filed a motion against garnishment.  Doc. Ent. 11.  In total, Rouse alleges he does not know "anything about this loan or so call[ed] school it was used for[.] [T]his is the first time of me hearing about this ever[.]"  Doc. Ent. 11 at 1.  The government has filed a response to this motion.  Doc. Ent. 12.  At the time the response was filed, the balance due was $8,976.89.  Doc. Ent. 12 at 2 ¶ 3.  The government argues that "[g]arnishment is [an] appropriate post-judgment remedy[,]" and the "[p]roperty [is] not exempt [as defined by 28 U.S.C. § 3002(b)(9)]."  Doc. Ent. 12 at 2-3 ¶¶ a, b.  According to the government, "there is a valid Judgment in this case; the Judgment has not been satisfied; garnishment of non-exempt wages is a valid method to collect Judgment; and . . . the property garnished is not exempt."  Doc. Ent. 12 at 3.

On March 26, 2009, Rouse filed a second motion against garnishment.  Doc. Ent. 16.  In its entirety, Rouse's motion states:

> I never went to school in San Francisco, California or ever been or lived in California in my life and I know this is not me[.] Again [I've] never been told the

> name of this school at all and to try and answer the post office card I sign do not
> recall anything about this matter at all that I sign for at that time.  Again I ask the
> court to dismiss this action against me now.

Doc. Ent. 16.  On March 30, 2009, the government filed a response to the second motion.  Doc. Ent. 18.  It contends that the default judgment was entered "based on a Citibank Student Loan . . . which Defendant used to attend the American Career Academy."  Doc. Ent. 18 ¶ 1.  As of that date, the balance due was $9,000.89.  Doc. Ent. 18 at 2 ¶ 3.  Again, the government argues that "[g]arnishment is [an] appropriate post-judgment remedy[,]" and the "[p]roperty [is] not exempt."  Doc. Ent. 18 at 2-3.

Judge Borman has referred both of Rouse's motions to me for hearing and determination.  Doc. Entries. 17 and 19.  As the government points out, 28 U.S.C. § 3202, which governs enforcement of judgments, provides that "[a] judgment may be enforced by any of the remedies set forth in this subchapter [§§ 3201-3206]."  28 U.S.C. 3203(a).  Section 3205, which governs garnishment, provides that "[a] court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor."  28 U.S.C. § 3205(a).  Furthermore, 28 U.S.C. § 3002(9) provides that "'[n]onexempt disposable earnings' means 25 percent of disposable earnings, subject to section 303 of the Consumer Credit Protection Act."  Finally, 28 U.S.C. § 3014, which governs exempt property, provides in part that "[u]nless it is reasonably evident that the exemption applies, the debtor shall bear the burden of persuasion."  28 U.S.C. § 3014(b)(2).

Upon consideration, Rouse's motions against garnishment are denied.  Neither of Rouse's motions against garnishment attached supporting documentation.  Furthermore, although Rouse's motions argue that he is not responsible for this loan, his claim that he does not

know "anything about this loan[,]" and "this is the first time of me hearing about this ever[,]" are belied by his apparent signature on the Domestic Return Receipt, a copy of which is attached to the government's March 17, 2009 filing. Doc. Ent. 15-5 at 2. Furthermore, while the second motion against garnishment alleges that "this is not me[,]" and apparently suggests Rouse does not recall signing the post office card in this matter, these issues are better addressed in a Fed. R. Civ. P. 60 motion for relief from the March 25, 1998 default judgment.[4]

## II.  ORDER:

In accordance with the foregoing, defendant's motion against garnishment (Doc. Ent. 11) and defendant's second motion against garnishment (Doc. Ent. 16) are DENIED.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated: 4/14/09

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

---

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on April 14, 2009.

s/Eddrey Butts
Case Manager

---

[4] I note that Rouse's March 16, 1999 request appears to be a motion to set aside the default judgment. Doc. Ent. 13. However, this filing has not been referred to me.

5